I can never tell what people say. We should put labels, but we don't. Since we have a recent concession from the government or statement, we thought maybe we'd ask you to elaborate. May it please the Court, good morning. My name is Wayne Robby. I'm a Deputy Chief of Policy in the Narcotics Section of the Narcotic and Dangerous Drugs Section of the Criminal Division. So you came all the way from Washington? Yes, Your Honor. Well, you are here anyway, so it was just as well to have you come in and see us. Your Honor, as you know, this case was decided by the Board of Immigration Appeals almost three years ago. And at that time, the law of this circuit, applying it to the facts at hand, the Board of Immigration Appeals reached the conclusion that the petitioner was subject to removal by reason of his conviction under California Penal Code, Section 452. Let me just focus in on at least what's bothering me. Obviously, since then, Leo Cal and Fernandez-Ruiz have been decided. Yes, Your Honor. Fernandez-Ruiz certainly says that a reckless state of mind doesn't cut it, at least for purposes of 16A. We didn't directly extend it to 16B, so perhaps that's an open question. But logically, it applies to 16B as well, since the Supreme Court has said the two are identical. Here's my question. If it's not categorical, then you obviously have got an option of a modified categorical approach under Taylor. It was not pursued at the IJ level or at the BIA level, really by either party. So, question. What's the point of a remand if we have all the documents? Do we have all the documents that the government might seek to reduce if it had the chance? Your Honor, as we noted in our motion, part of the problem for the government in this case is that I'm not an immigration law practitioner. And I did not know about Fernandez-Ruiz until it was drawn to my attention by a counsel for petitioner. When I first read the case this past weekend, I immediately recognized that a remand was in order. Well, it may or may not be. It's not in order. Or, let me rephrase. It may not be necessary if all of the documents are in the record. I understand, Your Honor. Are they? I believe they are, Your Honor. But we still believe that remand is appropriate in this case. Why? For what purpose? We don't want to foreclose the opportunity to examine whether there might be initial evidence or argument that might be made to the Board. Well, on what? Your Honor, as you pointed out, this case was a 16B case, not a 16A case. And while it may be highly speculative for the government to claim that there is an additional argument. No, Fernandez-Ruiz answers that question because it says that when you are construing a state criminal statute, that's an issue for the courts, not for the BIA, within its expertise. And we said that in Fernandez-Ruiz. Some of us might agree or disagree with that, but that's what we said. Yes, Your Honor. And while we recognize that the Board has no delegation to interpret criminal statutes and has no special expertise in that field, we believe that agencies ought to have the first opportunity to decide whether, on matters within their cognizance. In this case, as with any appellate matter that's brought before a court, it's usual practice for an appellate court to remand back to the agency to take appropriate action. Well, it is if it's within the agency expertise. But I want to be sure I understand what you're telling me. You're now saying that the only reason to remand is for the BIA to have first crack at whether Fernandez-Ruiz extends to B. That's only part of the reason, Your Honor.  The part of it is that the petitioner is still in the United States outside of law because he overstayed his visa. Now, he clearly will be eligible for relief that was not eligible at the time this case was heard by the Board, because under the aggravated felony, the Board and the immigration judge in the Board couldn't consider those potential relief that may be brought by the petitioner. But in this case, it's appropriate for it to go back to the Board so that the Board may take appropriate action. What? Appropriate action. He can apply them. There are many different... Again, I'm not... You're trying to give him a break if he goes back. Yes, Your Honor. Why don't you give him a break today and just let him go back? I mean, I don't know why it has to go to the BIA. If you want to cut a deal, you can cut a deal here. Just sending it back to the BIA so they can consider maybe he'll file something doesn't make too much sense to me. I can't quite figure that out. If you really have the grounds to believe that he should get relief, then you ought to give him relief. Just give it to him. Part of the problem, Your Honor, is that, again, we did not have a chance. We conducted consultation with agency counsel in a hurried fashion just this Tuesday, and we've not had the opportunity to fully flesh out the decision. That is our responsibility. There are two issues going on here. One of them is the question on which financiaries refuse to remand. You read that, didn't you? Yes, Your Honor, I did. The majority concurrence that dealt with this very issue, and that is for the termination, the redetermination of eligibility, allowing the government to go back and maybe show that he is not eligible. There's some documents on that. And that question seems to have been resolved by Fernandez-Ruiz. There's also the question, because assuming he's eligible doesn't mean he's entitled to other kinds of relief, right? Yes, Your Honor. So he needs to make an application. Yes, Your Honor, that is the other... Now that we've brushed aside the question of eligibility, you still have to make a showing that you're entitled to... Yes, Your Honor, that is a factor. I don't know what the factors are, but those factors have never been considered by the board, because they said he's not eligible. That is correct, Your Honor. Just so I understand, are you asking for the first kind of remand, the kind that Fernandez-Ruiz declined to give? Or are you asking for the second kind of remand, which would be, I guess, essentially agree to that, send him back to the IJ and let him make an application for relief, now having established that he's eligible? Your Honor, part... He's not ineligible. We clearly think a remand is appropriate for the second reason, because he was... The issues that... He is still in the United States illegally by operation of the law, and that needs to be handled at the appropriate level, and we believe it's the board. And because we're going out of order, I... Up until this morning, discussions between petitioners, counsel, and the government, there was no disagreement that remand was appropriate. The only disagreement was to where the case should be remanded, whether back to the board... BIA or IJ. Yes, Your Honor. So we consider that to be the only question that yet to be resolved with the issue of remand. But that winds up being, in fact, the only question, because depending on what your answer is, the one kind of remand would go to the BIA. Sure. This is for... A chance for the government to prove, by some other means, that he is... He's not eligible. It's the kind of remand that was refused in Fernandez, please. The second one would have to go to the IJ, because that's where the application would be made for... I believe, assuming eligibility. Yes, Your Honor, that is our position. And is the government's position continue to be we should send him back to the BIA, or do you now believe we should go back to the IJ, or do you have a view? Our preference is that it goes back to the BIA for appropriate action. We trust that the board will make the appropriate decision what to do with the case. Do you think it is open to us as a three-judge panel to do what the Embankment court in Fernandez, please, over an objection refused to do? I think it is clearly within the ability of this court to do that. We would prefer that the court not do this, and we would prefer that the court send it back to the board to give the board the opportunity to look at this case, because it's been three years, and there's been a lot of case law in the interim. All these cases drag on for a year, they go ten years, and our case law changes constantly. Let me ask you the next question, then. Let's assume we feel we better be bound by the Embankment court, and we decide we're not going to remand it, we couldn't remand it to BIA. What's going to happen if we don't do that? We've got to raise control. What's going to happen? Your Honor, again, I'm at a loss here because I'm not an immigration law specialist. Well, I can't help you either, because I'm not either. We should know what's going to happen. You want us to shoot in the dark and send it back to the BIA in spite of our Embankment decision, yet you don't know what's going to happen in case we don't do that. My understanding of the immigration law is that he is still in the United States illegally, because he's overstayed his visa. My remembrance of what I learned a long time ago is that the DHS could possibly initiate another action to have him removed because he's overstayed his visa. It sounds like you want to have us make sure that the government controls the next process versus maybe what the petitioner might want. Yes, Your Honor. Well, we'll hear from the petitioner later. Yes, Your Honor. Thank you. Thank you. Fifth State's Court. Paul Medivh, Petitioner. Essentially, what's required is, I believe, if this Court's going to remand it back to the BIA, remand it only to vacate the removal order that the BIA instituted, and then send it back to the immigration judge for two forms of relief that are available to Petitioner. A green card based on his stepfather petitioning him, and also cancellation or removal. So if this Court would like to remand it back to the BIA, I would ask it only be remanded to vacate the... But he'd have to apply for those kinds of relief, doesn't he? Right. A cancellation or removal is not something you get automatically. You have to apply. You have to show eligibility. I forget what it is. These things keep changing. Some years of continuous residence. Petitioner. There are a series of requirements, none of which the IJ looked at, or the BIA looked at, I gather, because they said, well, he's not eligible, so we're not going to bother with these other criteria. So he has to apply again. Well, yes, the immigration judge did it very superficially because of the aggravated felony issue. But we did have, his stepfather did file a 9-130 petition, which was approved. Per day is current in the next few months, and also he's been here so many years that he is eligible for cancellation or removal. Is there a recurrent visa available to him? It's not current right now. His stepfather... He can't get a green card right now. Not immediately. In the next few months, we're hoping it will become current. But he does have relief as cancellation or removal. He's been here 10 years. He's not... Well, we can't rule on that. No, the immigration judge would handle that. You're not contending there's any way we can rule this entitled cancellation or removal. No, no. I believe that we need to send this back to the immigration judge. So, what you... The position you're taking is basically you want us to have a remand that eliminates the aggravated felony issue from the case altogether. Correct. Because the BIA can't base any further decision on... on the termination of this aggravated felony, and then let the rest of the process proceed on that assumption. Right, which would then be remanded back to the immigration judge for applications for forms of relief. Okay. Because all we're doing is you had a petition for review. All we're doing is granting you a review, and then you'll take it from there, whatever. We're going to reverse what the BIA said, because if we do that, he's no longer an aggravated felon. Let the chips fall as they may, as you determine. That's correct, Your Honor. That's exactly what we want. I guess that makes sense, because your petition for removal... is exactly that. That the BIA made a mistake, correct? That's right. Okay. Anything further from the Governor? No, Your Honor. Okay. Case decided. We'll stand submitted. We are adjourned.
judges: Brunetti, Kozinski, Rymer